# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

MOHAMED ELSOKROMY,

      Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

      Defendant.

Case No.

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b), Defendant United Parcel Service Inc. ("UPS"), files this Notice to remove the above-styled action from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida, on the following grounds:

1.     <u>Plaintiff's Citizenship</u>:   Upon information and belief, Plaintiff Mohamed Elsokromy ("Plaintiff") is a citizen of the State of Florida (Ex. 1 at ¶ 3) or the State of Minnesota.

2.     <u>Defendant's Citizenship</u>: United Parcel Service, Inc., is an Ohio corporation with its principal place of business in Atlanta, Georgia. Accordingly, it is a citizen of Ohio and Georgia for purposes of diversity jurisdiction.

3.     <u>Nature of Action</u>:  Plaintiff instituted this action by filing a complaint with the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach

County, Florida (the "Complaint"). (Ex. 1). Plaintiff's Complaint, entitled *Mohamed Elsokromy v. United Parcel Service, Inc.*, is a civil action involving allegations of discrimination and retaliation in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"). As recited in the Complaint, Plaintiff is seeking, among other things, back pay, front pay, compensatory damages, punitive damages, and reasonable attorneys' fees and costs. The FCRA provides for the recovery of back pay, front pay, compensatory damages, punitive damages, and reasonable attorneys' fees and costs. Fla. Stat. § 760.11(5).

4.      Diversity Jurisdiction:  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship), because Plaintiff is a citizen of the State of Florida, UPS is an Ohio corporation with its principal place of business in Atlanta, Georgia, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.[1]

5.      Amount in Controversy: The amount in controversy exceeds $75,000, exclusive of interest and costs.[2] Indeed, in the Complaint, Plaintiff explicitly seeks damages in excess of Five Hundred Thousand Dollars. (Ex. 1 at ¶ 1) Further, in determining the amount in controversy for purposes of establishing jurisdiction,

---

[1] As explained by the U.S. Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014), UPS's removal notice need only include a "short and plain statement of the grounds for removal" based on diversity jurisdiction, and the removal notice need not contain evidentiary submissions proving the requirements for diversity jurisdiction, including the parties' citizenship and the amount in controversy. Accordingly, UPS's plausible averments regarding the parties' citizenship and the amount in controversy is sufficient to establish diversity jurisdiction. Nevertheless, for the sake of diligence, UPS submits herewith evidence of Plaintiff's citizenship and a calculation of the amount of controversy to support its removal notice.

this Court may consider Plaintiff's claimed damages under the FCRA, including back pay, front pay, compensatory damages, punitive damages, and reasonable attorney's fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000).

6.  Timing of Notice of Removal:  Plaintiff served UPS with a summons and a copy of the Complaint on December 15, 2025.  This removal is therefore timely pursuant to 28 U.S.C. § 1446(b), because this Notice of Removal is filed within 30 days of the date on which UPS received a copy of Plaintiff's Complaint.

7.  Venue:  As stated in the Complaint, the alleged events at issue occurred as a result of Plaintiff's employment with UPS in Palm Beach County, Florida.  (Ex. 1 at ¶ 4)  Accordingly, venue is proper in the United States District Court for the Southern District of Florida, West Palm Beach division, pursuant to 28 U.S.C. § 1391.

Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint filed in state court is attached hereto as Exhibit 1, a copy of the state court docket is attached as Exhibit 2, and copies of all remaining process, pleadings, orders, and other papers filed, served, and docketed in the state court are attached to this Notice as Composite Exhibit 3.

Date: January 5, 2026

Respectfully submitted,

*/s/ John E. Phillips*

John E. Phillips
 Florida Bar No. 823155
Helen Jay
 Florida Bar No. 1049997
Jay Ebelhar
Tennessee Bar No. 022770, pro hac vice
forthcoming
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
813-472-7550
813-472-7570 (FAX)
john.phillips@phelps.com
helen.jay@phelps.com
jay.ebelhar@phelps.com


*Attorneys for Defendant*

PD.60175302.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 5, 2026, a true and correct copy of the

foregoing was served regular U.S. Mail to the following:

Anthony M. Georges-Pierre
Remer, Georges-Pierre, & Hoogerwoerd, PLLC
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
agp@rgph.law

Attorney for Plaintiff


/s/ John E. Phillips
Attorney